**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| ANTHONY M. DUNAWAY SR., | : | Case No. 3:26-cv-00116 |
| | : | |
| Plaintiff, | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| CITY OF MIAMISBURG, OHIO, *et al.*, | : | |
| | : | |
| Defendants. | : | |

---

**REPORT AND RECOMMENDATION**
**TO DENY *IN FORMA PAUPERIS* STATUS**

---

Anthony M. Dunaway Sr. recently submitted a civil rights Complaint against the City of Miamisburg (and others) to this Court.[1] The case has been assigned to District Judge Michael J. Newman. Certain matters have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and this Court's General Order No. DAY 22-01.

Plaintiff Dunaway is proceeding without the assistance of counsel. He has asked to proceed *in forma pauperis* (or "IFP") in this case and without prepaying the fees to file it.

---

[1] It appears that Plaintiff has filed six cases in this Court:

1. *Dunaway v. Montgomery County, Ohio, et al.*, No. 3:25-cv-00401-TMR-PBS
2. *Dunaway v. Wallace, et al.*, No. 3:26-cv-00007-WHR-PBS
3. *Dunaway v. Montgomery County Board of Commissioners, et al.*, No. 3:26-cv-00017-WHR-CHG
4. *Dunaway v. Wallace, et al.*, No. 3:26-cv-00033-MJN-PBS
5. *Dunaway v. Schiff, et al.*, No. 3:26-cv-00095-MJN-PBS
6. *Dunaway v. City of Miamisburg, Ohio, et al.*, No. 3:26-cv-116-MJN-CHG

This case is the <u>sixth</u> of the six cases. Some of the cases may be related. *See* S.D. Ohio Civ. R. 3.1(b).

(Doc. No. 1.) For the reasons explained below, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** Plaintiff's application to proceed IFP and **ORDER** him to pay $405 to proceed with this case.[2]

"Anyone who files a lawsuit in federal court presumptively must pay a filing fee." *Crump v. Blue*, 121 F.4th 1108, 1110 (6th Cir. 2024) (citing 28 U.S.C. § 1914(a)). However, a plaintiff "who cannot pay the fee may ask to proceed 'in forma pauperis,' a status that allows the litigant to pay the fee over time or sometimes not at all." *Crump,* 121 F.4th at 1110 (citing § 1915(a)-(b)).

"Proceeding *in forma pauperis* is a privilege and not a right." *Ohio v. Ealy*, No. 1:09-cv-245, 2009 WL 1118704, at *1 (S.D. Ohio Apr. 24, 2009) (citing *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998)). A litigant need not be absolutely destitute to be granted *in forma pauperis* status. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Instead, an applicant must show that "because of his [or her] poverty," they cannot pay the fee and continue to afford the necessities of life. *Id.* Additionally, "[a] plaintiff seeking *in forma pauperis* standing must respond fully to the questions on the Court's *in forma pauperis* form." *West v. AFSCME Bldg. Corp.*, No. 2:22-cv-2235, 2022 WL 18142399, at *1 (W.D. Tenn. Apr. 14, 2022).

Whether to grant IFP status is within the Court's discretion, and the burden of convincing the Court is on the applicant. *Dotson v. Colvin*, No. 7:16-cv-198, 2016 U.S.

---

[2] The total fee amount is $405, which consists of a $350 filing fee and a $55 administrative fee. *See* 28 U.S.C. § 1914; Administrative Office of the U.S. Courts, District Court Miscellaneous Fee Schedule, available at https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule (last visited June 30, 2026).

Dist. LEXIS 205449, at *2 (E.D. Ky. Nov. 7, 2016). Courts "generally consider an applicant's employment, annual income and expenses, and any other property or assets the individual possesses" when considering an IFP application. *Crochran Through Shields v. Columbus City Sch.*, No. 2:15-cv-632, 2017 WL 11634750, at *1 (S.D. Ohio Nov. 20, 2017). However:

> Courts have routinely denied *in forma pauperis* status to litigants who have significant income and assets such as a home and vehicles, even if it would require some financial sacrifice in order for the applicant to pay the filing fee. … *In forma pauperis* status is usually reserved either for indigent prisoners or for persons who subsist on small fixed-income payments such as social security, unemployment compensation, or public assistance and who would truly be required to forego food, shelter, clothing, or some other necessity were they to devote any of their scant resources to paying a judicial filing fee.

*Bush v. Ohio Dep't of Rehab. & Corr.*, No. 2:05-cv-667, 2007 WL 4365381, at *1 (S.D. Ohio Dec. 10, 2007).

Plaintiff has filed one IFP Application in this case, signed under penalty of perjury. (Doc. No. 1.) He has filed several other applications in his other five cases, including two Applications in a separate case pending before the undersigned. *See Dunaway v. Montgomery County Board of Commissioners, et al.*, No. 3:26-cv-00017-WHR-CHG. On July 13, 2026, the undersigned recommended that this Court deny Plaintiff's IFP applications in that case because he was not completely forthcoming about his financial status. (*See* Report and Recommendation, Doc. No. 5 in Case No. 3:26-cv-17 [noting that Plaintiff appears to own at least one business and has put directly contradictory facts into the record about his income, expenses, and assets].)

3

The same concern exists in this case. In particular, the undersigned notes that Plaintiff claims in his IFP Application to pay a $1,200 monthly housing expense, but has elsewhere confirmed that he "resides with Grandmother" and has "No Rent obligation." (*See, e.g.*, Doc. No. 4 in Case No 3:26-cv-17.) His address, however, has not changed while this case has been pending. (*Compare* Doc. No. 1-1 at PageID 4 in Case No. 3:26-cv-116 *with* Doc. No. 4 at PageID 25 in Case No. 3:26-cv-17 [both listing Plaintiff's address as 3966 Belvo Road].)

When the housing expense is disregarded, Plaintiff's IFP Application in this case reflects that he has sufficient funds to pay the one-time cost of $405 without sacrificing the basic necessities of life. (*See* Doc. No. 1 at PageID 1-2.[3]) *See Muehlfeld v. Comm'r of SSA*, No. 3:23-cv-225, 2023 U.S. Dist. LEXIS 69271, at *5-6 (N.D. Ohio Feb. 14, 2023) (collecting cases) ("Financial ability has been found, and thus IFP denied, where income and assets exceed monthly expenses.").

Accordingly, the undersigned **RECOMMENDS** that the Court **DENY** Plaintiff's IFP Application and **ORDER** him to pay $405 by a date certain if he wishes to proceed in this case.

Plaintiff may file objections to this recommendation as described in the section below. He is **REMINDED** that he must promptly notify the Court if his mailing address changes while this case is pending.

---

[3] If Plaintiff's monthly income is $2,358, and the Court subtracts his other reported monthly bills of $303, $130, $305, $208, and $154.82, Plaintiff is left with over $1,200 *each month.*

**IT IS SO RECOMMENDED.**

*s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

## DEADLINE TO FILE OBJECTIONS

In accordance with Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may file and serve specific written objections to this Report and Recommendation ("R&R") **within fourteen (14) days** after being served with a copy. A party may respond to another party's objections **within fourteen (14) days** after being served with a copy. If necessary, the objecting party must promptly arrange for transcribing the record, or whatever portions of it to which the parties agree or the Magistrate Judge considers sufficient. If proper objections are timely filed, then the District Judge will conduct a de novo review of the challenged portion(s) of the R&R. Failure to file timely objections may forfeit rights on appeal. *See U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).